**FINAL REPORT**[1]

**Recommendation 2-2015, Minor Court Rules Committee**

*Amendment of Rules 206, 1201-1209, and of the Official Notes to Rules 112, 215,*
*1210-1211 of the Pennsylvania Rules of Civil Procedure*
*before Magisterial District Judges*

PROTECTIVE ORDERS FOR VICTIMS OF SEXUAL VIOLENCE OR INTIMIDATION

## I.       Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rules 206, 1201-1209, and to the Official Notes to Rules 112, 215, 1210-1211 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges ("Rules"). The amendments establish procedures for protective orders sought for victims of sexual violence or intimidation, as provided for in recent legislation.

## II.       Background and Discussion

The Committee learned of enacted legislation that permits a victim of sexual violence or intimidation to petition a court for protection from a defendant. *See* 42 Pa.C.S. §§ 62A01-62A20 ("Act"). The Act provides for emergency protective orders for victims of sexual violence and intimidation, in much the same manner as existing emergency protection from abuse orders. The new law takes effect July 1, 2015.

After comparing the provisions of the Act with the Protection from Abuse Act, 23 Pa.C.S. §§ 6101-6122, as well as current Rules 1201-1211, the Committee drafted and recommended amendments to the rules to incorporate the new protective order provisions within existing Rules 1201-1211.

## III.       Rule Changes

The Committee recommended amending Rules 1201-1211 and the corresponding Official Notes to add references to the new emergency protective orders, add required definitions and statutory references, and make the rules gender neutral. The Committee also recommended deleting the first sentence of the Official Note to Rule 1206, indicating that the "plaintiff is apt to be in an excited state," as the Committee

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules. Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

did not find the observation to be helpful. The Committee also recommended revising the last clause of Rule 1207 to more closely mirror the statutory requirements for nondisclosure of the location of a victim, and adding a sentence to the Official Note to Rule 1207 indicating that nothing in the rule is intended to preclude a magisterial district judge from making a proper determination regarding venue. The Committee also recommended amending Rule 1209 to include service provisions specific to the new emergency protective orders.

Additionally, the Committee recommended updating and adding cross-references to Rule 206, as well as the Official Note to Rule 112. The Committee also recommended adding cross-references to the Official Notes to Rules 215 and 1207 to clarify that the use of advanced communication technology is permitted in hearings on petitions for protective orders.